*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

> *Dunn*, for the plaintiff.
> *Caswell*, for the defendant.

May Term,
1829.

SHEETS
v.
FERGUSON.

---

### PEGG and Another *v.* CAPP, in Error.

THE return to a subpœna in Chancery against *Abner M'Carty* and *John Pegg* was as follows: "Executed on *Abner M'Carty* the 25 *March*, 1826. *John Pegg* not found. 20 *March*, 1826. —*R. John*, sh'ff." A decree, reciting that it appeared to the satisfaction of the Court that the subpœna had been duly executed, was entered against the defendants *pro confesso.* *Held,* that the return was insufficient to authorise a decree.

*Thursday,*
*May* 21.

---

### THE STATE *v.* HAILSTOCK, in Error.

AN indictment for an assault with intent to commit a felony, must show with certainty the particular felony intended to be committed.

A common assault is not an indictable offence. It is punishable, however, by a justice of the peace (1).

*Thursday,*
*May* 21.

(1) A common assault is, at common law, an indictable offence. 4 Bl. Comm. 216. Here, by statute, justices of the peace have exclusive jurisdiction of offences to which the affixed penalty does not exceed three dollars; and a common assault is an offence of that kind. R. C. 1831, pp. 193, 195. An assault, with intent to commit a felony, is an indictable offence, and punishable by imprisonment in the state-prison for any term of time not exceeding fourteen nor less than two years, and by fine not exceeding 1,000 dollars. Id. p. 186.

---

### SHEETS *v.* FERGUSON and Others, in Chancery.

THE opinion in this case is overruled. Vide the order of the Court, on the report of the commissioner, in the case of *Bruner and Others* v. *Manville and Others, May* term, 1832, post.

*Thursday,*
*May* 21.

33